**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| BOBBY J. HIBBS, ) | |
| ID # 26463-001, ) | |
|     Plaintiff, ) | |
| vs. ) | No.  3:11-CV-2601-N-BH |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
|     Defendants. ) | Referred for Pretrial Management |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, Plaintiff's claim for early release and all of his claims against the remaining individual defendants and the Bureau of Prisons should be dismissed. His claim against the United States should be permitted to proceed

**I.  BACKGROUND**

Plaintiff Bobby J. Hibbs (Plaintiff) sues the United States, the Bureau of Prisons (BOP), and numerous employees of the Federal Correctional Institute at Seagoville, Texas (FCI-Seagoville), in both their individual and official capacities.[1] (*See* Am. Compl. at 3-4; First Magistrate Judge's Questionnaire (MJQ) Ans. 1, 3; 2nd MJQ Ans 2, 3). He asserts claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act (FTCA) (Am. Compl. at 4, 7; 1st MJQ Ans. 3; 2nd MJQ Ans. 1). He claims that he has received inadequate health care for his eyes, a hiatal hernia, and a torn toenail. (Am. Compl. at 4; 1st MJQ Ans. 1, 5; 2nd MJQ Ans. 2, 3; doc. 18).[2] He seeks monetary damages, injunctive relief, and a

---

[1] Plaintiff voluntarily dismissed three defendants that were initially named in his complaint, Warden Cruz, RN Gifford, and RN Weaver, from this suit. (*See* doc. 11 at 11, 16-17, 21).

[2] Plaintiff raised the same claims relating to his eye problems against many of the same individual defendants in two prior actions. His claims were dismissed as frivolous in *Hibbs v. Federal Bureau of Prisons et. al*, 3:10-cv-2396-L (N.D. Tex. Jan. 24, 2011), for failure to state a claim of deliberate indifference. His second *Bivens* action against employees

reduction of prison time due to improper medical care. (1st MJQ Ans 6).

## II. PRELIMINARY SCREENING

Plaintiff is a federal prison inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

The Fifth Circuit has found that a prisoner action that raises the same claims as a prior action may be dismissed as malicious under § 1915A(b)(1). *Allen v. Scott*, 95 F. App'x 88, 88 (5th Cir. 2004) (per curiam). This Court has also found that

> a previously dismissed action based on substantially the same facts arising from a
> common series of events provides a sufficient basis to dismiss [a] later-filed, fee-paid

---

of FCI Seagoville arising from his eye conditions was dismissed as duplicative and malicious. *See Hibbs v. United States of America*, 3:11-cv-0692-N (N.D. Tex. June 27, 2011). He also raised claims under the FTCA in both cases, but the FTCA claims were dismissed without prejudice for failure to exhaust administrative remedies.

> action when the court dismissed the first action because it was subject to a meritorious defense or was found factually or legally frivolous, after giving the plaintiff the opportunity to expound on the factual allegations before a dismissal as factually frivolous. Furthermore, in view of *Marts* and the PLRA [(Prison Litigation Reform Act)] amendments, a dismissal for failure to state a claim upon which relief may be granted also appears sufficient when the plaintiff had been given an opportunity to expound on his or her claims before the court dismissed the earlier-filed action.

*Shabazz v. Franklin*, 380 F. Supp. 2d 793, 803-04 (N.D. Tex. 2005) (accepting recommendation of Mag. J.) (citing *Marts v. Hines*, 117 F.3d 1504, 1504-06 (5th Cir. 1997) (en banc)).

### III. HABEAS CLAIMS

Plaintiff seeks early release from imprisonment because of allegedly deficient medical care. (1st MJQ Ans. 6). This is an inappropriate remedy in a civil rights action, however. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). A prisoner cannot challenge the fact or duration of confinement in a civil rights action. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)); *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987) (applying this rule to *Bivens* as well as § 1983 actions). He may only do so within the exclusive scope of habeas corpus. *See Preiser*, 411 U.S. at 487. Plaintiff may only obtain declaratory or monetary relief in this action, so his claim for early release is not a claim upon which relief may be granted.[3]

### IV. *BIVENS* CLAIMS

Plaintiff sues the individual defendants and the BOP under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Am. Compl. at 2; 1st MJQ Ans. 3). In *Bivens*, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court. *Bivens* is "the counterpart

---

[3] To the extent that Plaintiff seeks a reduction of his sentence under 18 U.S.C. § 3582 (see doc. 18), he must file a motion in the court of conviction. *See* 18 U.S.C. § 3582(c).

3

to 42 U.S.C. § 1983," and it extends the protections afforded under § 1983 to parties injured by federal actors. *Chapman v. United States*, No. 4:06-CV-0426-Y, 2006 WL 3831227, at *1 n.8 (N.D. Tex. Dec. 27, 2006); *see also Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005) (per curiam). However, unless the defendants have deprived a plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States, a plaintiff has no viable claim under *Bivens*. *See Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) (recognizing that "[a] *Bivens* action is analogous to an action under § 1983— the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials").

**A.    Claims against Bureau of Prisons and Individuals in their Official Capacities**

A *Bivens* action only provides a remedy for victims of constitutional violations by government officers in their individual capacities; it does not provide for a cause of action against the United States. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). Nor may a *Bivens* action be brought against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Moore v. United States Dep't of Agriculture*, 55 F.3d 991, 995 (5th Cir. 1995). Claims against federal employees in their official capacities based on alleged constitutional violations are also barred under *Bivens* because they are the equivalent to claims against the federal agencies who employ the employees. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). This is because the purpose of a *Bivens* cause of action is to deter a federal officer from violating a person's constitutional rights. *Meyer*, 510 U.S. at 485; *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70 (2001). Because a *Bivens* action cannot be brought against a federal agency or individual employees in their official capacities, Plaintiff has not alleged a viable *Bivens* claim against the BOP or any federal employee in an official capacity.

4

**B.      Prior Duplicative Claims**

For his claims relating to his eye problems, Plaintiff names Clinical Director Capps, Health Administrator McGaugh, Assistant Health Care Administrator Fernanders, Acting Adminstrator Enriquez, A Nguyen, M. Frando. A. Camarines, P. Crow, L. Peoples, B. Dupree, as defendants. (1st MJQ Ans. 3; 2nd MJQ Ans. 3).  He raised the same claims against Warden Cruz, Dr. Capps, M. McGaugh, and E. Fernanders in *Hibbs v. Federal Bureau of Prisons et. al*, 3:10-cv-2396-L (N.D. Tex. Jan. 24, 2011), and those claims were dismissed as frivolous for failure to state a claim of deliberate indifference.  His second action against employees of FCI Seagoville arising from his eye conditions was dismissed as duplicative and malicious. *See Hibbs v. United States of America*, 3:11-cv-0692-N (N.D. Tex. June 27, 2011).  Although Plaintiff now also names new individual defendants in this case, his claims are based substantially on the same facts as his prior two suits. "[R]epetitious litigation of virtually identical causes of action is subject to dismissal...as malicious", even where the new complaint repeats the same claims but against new defendants. *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.1988) (finding no abuse of discretion in dismissal of second suit repeating the same factual allegations of inadequate medical care but against a different defendant as duplicative where the prior suit had been dismissed as frivolous because the evidence did not support the claims).  Plaintiff's *Bivens* claims against all remaining individual defendants relating to his eye condition should therefore be dismissed as duplicative and malicious.

**C.      Remaining Medical Care Claims**

Plaintiff also alleges that certain FCI Seagoville employees have shown deliberate indifference to his need for medical care for a hiatal hernia and a torn toenail.

The Constitution requires humane conditions of confinement, which includes the receipt of

5

adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials violate this requirement only when (1) the deprivation is objectively and sufficiently serious such that the act or omission results in the denial of "the minimal civilized measure of life's necessities" and (2) the official had a culpable state of mind. *Id.* at 834 (citations omitted). The objective component requires deprivation of a sufficiently serious medical need "[b]ecause society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To satisfy the second component, the officials must be deliberately indifferent "to a substantial risk of serious harm to an inmate." *Farmer*, 511 U.S. at 828. This state of mind requires more than negligence but less than intent to cause harm or knowledge that harm will result from the acts or omissions. *Id.* at 835. An official is deliberately indifferent when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

This state of mind "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations and internal quotation marks omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

  1. **<u>Hiatal Hernia</u>**

Plaintiff sues M. Frando, a physician's assistant, based on the medical care he received for his hiatal hernia. Plaintiff claims that he began coughing up blood in the middle of the night on July

2, 2011, and that he was not seen by medical personnel until 12:30 p.m. the next day because no medical staff was at the prison. At that time, Frando told him that he was not going to treat the hernia at that point because he did not see the blood and Plaintiff's symptoms had mildly worsened, and that Plaintiff should contact his doctor if he had dramatic symptoms such as vomiting or regurgitating blood. Plaintiff claims that he was sent to see an outside doctor for his hernia on November 29, 2011, but that the doctor could not treat him at that time because he had not been forwarded Plaintiff's paperwork. (2nd MJQ Ans. 3). The outside doctor has allegedly requested that a scope be performed on Plaintiff so he can see what type of surgery might be needed, but this test has had to be re-scheduled and has not yet been performed. (doc. 18 at 2).[4] Documentation submitted by Plaintiff reflects that a barium swallow test was conducted on June 9, 2011, to help in the diagnosis of his hiatal hernia. (doc. 11 at 37-38).

Plaintiff disagrees with Frando's decision not to treat him after he reported that he had coughed up blood and to instead instruct him to report to his doctor if he began vomiting blood. Plaintiff's complaint is about the type of medical treatment he received. Mere disagreement with medical treatment is insufficient to state a claim, however. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). A failure to provide additional treatment may show medical malpractice, but not deliberate indifference, because decisions to provide additional treatment are matters of medical judgment. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Domino v. Texas Dep't Crim. J*, 239 F.3d at 756. The documents submitted by Plaintiff reflect that he received medical care for his hiatal hernia before this date, and Plaintiff acknowledges that after this visit, he received further treatment for his hiatal hernia. He has therefore failed to allege deliberate indifference because he has not alleged that

---

[4] This filing has been liberally construed as an amendment to Plaintiff's complaint. (*See* doc. 21.)

7

Frando refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct showing a disregard for his serious medical needs. *See Johnson v. Treen*, 759 F.2d at 1238.

Plaintiff also complains that although he has been scheduled to see, and has seen, a doctor for his hiatal hernia, a test that this doctor requested has not yet been performed. This is a complaint that his medical care has been delayed. A delay in medical care is a constitutional violation only if there has been deliberate indifference that results in substantial harm, which Plaintiff has not alleged. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Plaintiff has alleged that there can be potential repercussions to failing to treat a hiatal hernia (Am. Compl. at 8; doc. 11 at 34), but he has not alleged that any substantial harm has occurred. Plaintiff's allegations about the actions of Frando are not sufficient to state a violation of his constitutional rights. *See Nowlin v. Quarterman*, 2008 WL 8115700, *1 (E.D. Tex. June 27, 2008) (holding that the plaintiff has failed to allege deliberate indifference on the part of his prison officials with respect to medical treatment for a hiatal hernia where the plaintiff saw an outside doctor who treated him by prescribing a "truss," even if the officials did not subsequently permit him to have surgery).

    **2.**    <u>**Torn Toenail**</u>

Plaintiff sues physician's assistants Azumah and Nguyen and EMT Enriquez for deliberate indifference in the treatment of a torn toenail. He claims that he stubbed his big toe and tore most of the toenail off on the evening of February 17, 2012. Because of the upcoming long weekend when there were no "sick calls" for inmates at the prison, he saw Azumah four days later, and Azumah gave him antibiotics and iodine swab sticks as treatment for the toenail. Enriquez later looked at his toenail, said that it was an ingrown toenail, directed that Plaintiff be placed on

convalescence and confined to quarters except for meals or medical treatment, and scheduled a further appointment for him.  Plaintiff was not seen by either Azumah or Nguyen and was later told by Enriquez that he did not have time to look at the toenail.  After more than fourteen days had passed since he tore his toenail, Plaintiff used tweezers and clippers to remove the rest of the nail himself.  Plaintiff alleges that Enriquez, Azumah, and Nguyen showed deliberate indifference because this was minor surgery that should have been performed by a doctor under local anesthetic. (doc. 18 at 1-2).

Plaintiff has not alleged that prison officials, by not further treating his toenail, were deliberately indifferent to a substantial risk of serious harm.  When Plaintiff first sought treatment for his torn toenail, he was provided antibiotics to combat any potential infection as well as iodine swabs.  Plaintiff then later chose to pull the rest of his toenail out on his own rather than wait for additional treatment.  He has not alleged facts to support a claim that he was deprived of a sufficiently serious medical need.  He complains about the type of medical treatment he received, and when he received it, but disagreement with medical treatment is insufficient to state a claim. *Gibbs v. Grimmette*, 254 F.3d at 549.  Plaintiff's allegations are not sufficient to state a violation of his constitutional rights.  *See Banana v. McNeel*, 5 F.3d 1495, slip op. at 1 (5th Cir. Sept. 22, 1993) (unpublished op.) (holding that medical personnel did not show deliberate indifference with regard to medical care for an ingrown toenail where the inmate was provided iodine, cotton swabs, and bandages for his toe).  His remaining claims concerning medical care should be dismissed.

## V.  FEDERAL TORT CLAIMS ACT CLAIMS

Plaintiff also sues under the FTCA, claiming that employees of FCI Seagoville have been negligent in his medical care. (Am. Compl. at 4, 7; 1st MJQ Ans.1, 2; 2nd MJQ Ans. 1).  In the

9

FTCA, Congress waived the United States' sovereign immunity for claims arising from torts committed by federal employees. 28 U.S.C. §§ 1346(b)(1), 2671-2680; *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008).

> The FTCA gives federal district courts jurisdiction over claims against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

*Sheridan v. United States*, 487 U.S. 392, 398 (1988) (quoting 28 U.S.C. § 1346(b)).

### A. Claims against Individual Defendants and Agency

Plaintiff names both individuals and the BOP as defendants in his suit. (Am. Compl. at 3; 1st MJQ Ans. 1; 2nd MJQ Ans. 3). The only proper defendant in an FTCA action is the United States; a claim against a federal agency is not authorized under the FTCA. *See* 28 U.S.C. § 2679(a); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Likewise, the individual defendants also cannot be sued under the FTCA in their individual capacities. *Id.* Any claims against them in their official capacities are treated as a suit against the United States. *Connor v. Matthews*, 134 F.Supp.2d 797, 799 (N.D.Tex. 2001). To the extent that he is attempting to sue the BOP or individual defendants in either their official or individual capacities under the FTCA, Plaintiff has failed to state a viable FTCA claim against them.

### B. Claims against United States

As for Plaintiff's FTCA claims against the United States, it is not apparent from the complaint that his claims fall within any of the exceptions set forth in 28 U.S.C. § 2680 that limit the liability of the United States. *See Ashford v. United States*, 511 F.3d 501, 504-05 (5th Cir. 2007). Plaintiff alleges that he has exhausted his administrative remedies as required by the FTCA and

presented evidence to support his allegation. (Am. Compl. at 7; 1st MJQ Ans. 1, 2). *See* 28 U.S.C. § 2675(a); *McNeil v. Unites States*, 508 U.S. 106, 112-13 (1993); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). His FTCA claims against the United States therefore survive judicial screening and should be allowed to proceed.

## VI. RECOMMENDATION

Plaintiff's *Bivens* and FTCA claims against the BOP and the remaining individual defendants in their official and individual capacities should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[5] Any claim for early release should be dismissed without prejudice to asserting this claim in the court of conviction. Plaintiff's FTCA claim against the United States should be permitted to proceed.

**SIGNED this 27th day of March, 2012.**



IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE