**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BOBBY J. HIBBS, ID # 26463-101,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:11-CV-2601-N-BH** |
| | ) | |
| **UNITED STATES OF AMERICA, et al.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management. Before the Court are Plaintiff's motion "to let this case proceed", received June 6, 2012 (doc. 38), his "Movant of Motions," received June 29, 2012 (doc. 45), and his "notice of Employee of the Government,." received July 24, 2012 (doc. 49). Based on the relevant filings and applicable law, the motions should be **DENIED.**

**I.  BACKGROUND**

In his first motion, Plaintiff reasserts his complaints about medical care he has received for his eyes, a hiatal hernia, and an ingrown toenail and asserts that certain individuals have been "deliberately indifferent" to his medical care. (doc. 38 at 1-2, 4). In his second motion, he reasserts that he has received insufficient care for his hiatal hernia and asserts that deliberate indifference has been shown. (doc. 45 at 2). Finally, in his final "notice," plaintiff alleges, among other things, that employees of the Bureau of Prisons have violated his constitutional rights. (doc. 49 at 2, 4, 13-14, 18-19).

Plaintiff initially filed this action against the United States, the Bureau of Prisons (BOP), and several individuals and asserted claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act (FTCA). (*See* Am. Compl. at 4, 7; 1st MJQ Ans. 3; 2nd MJQ Ans. 1). He claimed that he has received inadequate

health care for his eyes, a hiatal hernia, and a torn toenail.  Plaintiff voluntarily dismissed his claims against three individuals.  (*See* docs. 19, 23.)  On April 27, 2012, the Court entered an interlocutory judgment dismissing the claims against the BOP and the remaining individuals.  (*See* doc. 31.) Plaintiff's FTCA claims against the United States remain pending, and it has been served with process and has filed an answer.  Because he references the deliberate indifference of individual employees of the Bureau of Prisons and asserts that they have violated his constitutional rights, his recent filings are construed as a motion under Rule 60(b) seeking relief from the interlocutory judgment.

## II.  ANALYSIS

Rule 60(b) provides that, upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  FED. R. CIV. PROC. 60(b)(1)-(6).

Plaintiff has not alleged mistake, newly discovered evidence, fraud, or a void or satisfied judgment that would entitle him to relief under Rule 60(b)(1)-(5).  Instead, he seeks relief from judgment on grounds that the judgment was incorrectly decided, in effect a claim seeking relief pursuant to Rule 60(b)(6).  In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to consider when evaluating such a motion: 1) that final judgments should not  lightly be disturbed; 2) that a Rule 60(b) motion should not be used as a

2

substitute for appeal; 3) that the rule should be liberally construed in order to achieve substantial justice; 4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; 5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; 6) whether there are intervening equities that would make it inequitable to grant relief; and 7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.  Furthermore, granting relief pursuant to Rule 60(b)(6) should be reserved only where extraordinary circumstances are present. *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 851 (5th Cir. 1990).

Plaintiff's claims against individual defendants over the medical care he has received for his eyes were dismissed as duplicative because they had been previously dismissed for failure to state a claim of deliberate indifference in *Hibbs v. Federal Bureau of Prisons et. al*, 3:10-cv-2396-L (N.D. Tex. Jan. 24, 2011), and because they were again dismissed as duplicative and malicious in *Hibbs v. United States of America*, 3:11-cv-0692-N (N.D. Tex. June 27, 2011).  Plaintiff has presented these claims to this court three separate times.  He was provided a fair opportunity to present his claims of deliberate indifference for the medical care he has received for his eyes, and he is not entitled to relief from judgment on this basis.

Plaintiff also re-asserts in his recent filings that he has received constitutionally inadequate medical care for a hiatal hernia and a torn toenail.  However, as with his initial complaint, plaintiff disagrees with the medical care he has received.  He has failed to allege that individual defendants have refused to treat him, ignored his complaints or intentionally treated him incorrectly for his medical issues.  To the contrary, plaintiff has submitted documentation with one of his filings that

3

reflect that he has received treatment for both of these complaints. (doc. 38 at 6-21). Plaintiff

continues to disagree with this treatment. He has not shown extraordinary circumstances such that

relief under Rule 60(b) is warranted, particularly because he has been given a fair opportunity to

present his claims and because a motion for relief from judgment should not be used as a substitute

for an appeal of the judgment in this case. Plaintiff's motion for relief from the interlocutory

judgment entered in this case is without merit.[1]

### III. RECOMMENDATION

Plaintiff's motion to let the case proceed (doc. 38), his movant of motions (doc. 45), and his

notice (doc. 49), all liberally construed as a motion under Rule 60(b), should be **DENIED**.

**SIGNED this 8th day of August, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] In his motion to let the case proceed, Plaintiff also asserts that he arrived in the prison with tuberculosis and that the BOP is refusing to treat him. (doc. 38 at 3). To the extent that plaintiff is asserting that he should be granted relief from judgment to present a new claim, he has again not shown extraordinary circumstances that would warrant such relief, especially because plaintiff did not raise this claim earlier.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE