IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BOBBY J. HIBBS, ) | |
| ID # 26463-001, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:11-CV-2601-N-BH |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| Defendants. ) | Referred for Pretrial Management |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for pretrial management. Before the Court is the *United States of America's Motion for Summary Judgment*, filed December 12, 2012 (doc. 65), and the plaintiff's cross-motion for summary judgment, filed December 14, 2012 (doc. 69). Based on the relevant filings and applicable law, the defendant's motion should be **GRANTED** and the plaintiff's motion should be **DENIED**.

**I. BACKGROUND**

Plaintiff Bobby J. Hibbs (Plaintiff) sued the United States (Defendant), the Bureau of Prisons (BOP), and numerous employees of the Federal Correctional Institute at Seagoville, Texas (FCI-Seagoville), asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act (FTCA). (Am. Compl. at 3-4, 7; First Magistrate Judge's Questionnaire (MJQ) Ans. 1, 3; 2nd MJQ Ans. 1-3).[1] He claimed that he had received negligent medical treatment for his eyes, a hiatal hernia, and a torn toenail, and he sought monetary damages, injunctive relief, and a reduction in prison time. (Am. Compl. at 4; 1st

---

[1] Plaintiff voluntarily dismissed three defendants that were initially named in his complaint from this suit. (*See* doc. 11 at 11, 16-17, 21).

MJQ Ans. 1, 5, 6; 2nd MJQ Ans. 2, 3; doc. 18).[2] On April 27, 2012, the Court dismissed all of his claims except for his FTCA claims against Defendant. (docs. 22, 30, 31).

Plaintiff asserts that after he complained of burning in his right eye, he was seen by medical personnel on September 25, 2009, who diagnosed him as having conjunctivitis and placed him on various medications. He was diagnosed with glaucoma on November 10, 2009, when he was seen by an outside eye doctor. (1st MJQ, Ans. 5). He alleges negligent medical care because he did not receive an eye exam for 47 days after he reported symptoms in his right eye, and that this delay resulted in damage to his eye. (*Id.*)

Plaintiff also claims that he began coughing up blood in the middle of the night on July 2, 2011, that he was not seen by medical personnel until 12:30 p.m. the next day, and that he was told that the hernia would not be treated at that time. He saw an outside doctor on November 29, 2011, but that doctor could not treat him because he had not received Plaintiff's paperwork, although he did request that a scope be performed. (2nd MJQ Ans. 3; doc. 18 at 2).[3]

Plaintiff also asserts that he stubbed his big toe and tore most of the toenail off on the evening of February 17, 2012, that he did not see medical personnel for this issue until four days later, when he was given antibiotics and iodine swab sticks as treatment, and that Plaintiff later used tweezers and clippers to remove the rest of the nail himself because he was not seen by medical personnel again during that time. Plaintiff asserts that the failure of medical staff to perform the

---

[2] Plaintiff raised the same claims relating to his eye problems against many of the same individual defendants in *Hibbs v. Federal Bureau of Prisons et. al*, 3:10-cv-2396-L (N.D. Tex. Jan. 24, 2011), which was dismissed for failure to state a claim of deliberate indifference. His subsequent *Bivens* action against employees of FCI Seagoville arising from his eye conditions was dismissed as duplicative and malicious. *See Hibbs v. United States of America*, 3:11-cv-0692-N (N.D. Tex. June 27, 2011). He also raised claims under the FTCA in both cases, but the FTCA claims were dismissed without prejudice for failure to exhaust administrative remedies.

[3] Document 18 has been liberally construed as an amendment to Plaintiff's complaint. (*See* doc. 21.)

minor surgery necessary to remove his toenail constituted negligence. (doc. 18 at 1-2).

Defendant moves for summary judgment on grounds that Plaintiff has failed to exhaust his administrative remedies as to his claims his hernia and toenail. With respect to his claim that he received negligent medical care for his eye, he has failed to designate the required expert witness. (*See* docs. 65-67). Plaintiff filed a cross-motion for summary judgment alleging that he is entitled to judgment as a matter of law. (docs. 69, 75). The motions are ripe for consideration.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* Typically, a movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. FED. R. CIV. P. 56(C).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *id.* at 255, neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

Generally, the courts liberally construe the pleadings of a *pro se* plaintiff. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). However, the courts have no obligation under Fed. R. Civ. P. 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

### III. DEFENDANT'S MOTION

Defendant moves for summary judgment on Plaintiff's claims under the FTCA.

"In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214 (2008); *see also* 28 U.S.C. §§ 1346(b)(1), 2671-2680. The FTCA shields federal officers from official capacity suits because these types of suits are actually against the government. *See Smart v. Holder*, No. 09-50796, 2010 WL 759164, at *2 (5th Cir. Mar. 5, 2010) (citing *Boehms v. Crowell*, 139 F.3d 452, 462-63 (5th Cir. 1998); *S. Sog, Inc. v. Roland*, 644 F.2d 376, 380 (5th Cir. Unit A May 1981)).

4

Any claims against them in their official capacities are treated as a suit against the United States. *Connor v. Matthews*, 134 F.Supp.2d 797, 799 (N.D.Tex. 2001).[4] To successfully sue under the FTCA, a claim must be: 1) against the United States; 2) for money damages; 3) for injury or loss of property, or personal injury or death; 4) caused by the negligent or wrongful act or omission of any employee of the federal government; 5) while acting within the scope of his or her employment; and 6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b); *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994).

**A.     Exhaustion**

Defendant contends that summary judgment on Plaintiff's claims concerning his hiatal hernia and toenail is proper based on his failure to exhaust his administrative remedies. (doc. 66 at 3-5).

"Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the Tort Claims Act, and absent compliance with the statute's requirement [a] district court [is] without jurisdiction." *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989). Section 2675(a) provides, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

---

[4]The only proper defendant in an FTCA action is the United States. *See* 28 U.S.C. § 2679(a); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Individual defendants cannot be sued under the FTCA in their individual capacities. *Id.*

The Supreme Court has held that § 2675(a) requires complete exhaustion of administrative remedies before the judicial process is invoked. *McNeil v. United States*, 508 U.S. 106, 110-113 (1993). An FTCA claim brought by an inmate before he has exhausted his administrative remedies should therefore be dismissed. *Id.* at 113.

Presentment of an administrative claim within two years of accrual is also a jurisdictional requirement. *See In re FEMA Trailer Formaldehyde Products Liability Litigation*, 646 F.3d 185, 189 (5th Cir. 2011) (per curiam) (citing *Flory v. United States*, 138 F.3d 157, 159 (5th Cir. 1998)); 28 U.S.C. § 2401(b) (providing that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"). The statute of limitations begins running from the time the plaintiff knows or has reason to know of his injury. *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001).

To meet its summary judgment burden, Defendant points to the documents reflecting Plaintiff's exhaustion of his administrative remedies for his claims relating to his eye. (doc. 67 at 4-7). It does not include his claims for his hiatal hernia and his toenail. The burden now shifts to Plaintiff to show that he did exhaust his remedies as to these claims.

Plaintiff's cross-motion for summary judgment does not address Defendant's claim that he did not properly exhaust his administrative remedies with respect to his hiatal hernia and toenail; it only addresses his claim regarding his eye. (doc. 69 at 1-2). Nor is there any evidence of exhaustion as to these two claims in the record. With his sworn amended complaint, Plaintiff submitted various documents he submitted to, and/or received from, the BOP regarding the problems with his eye and the treatment he received. Included is his administrative tort claim, and the denial of this claim by the Department of Justice (DOJ). (*See* doc. 7 at 18-22, 25-30, 35-39; doc. 7-1 at 31-40; doc. 7-2 at 1-12, 17-25, 27-31; doc. 7-3 at 4-7, 26, 29, 37; doc. 7-4 at 14, 32-33; doc. 7-5 at 1).

Also included is documentation regarding treatment he received for his hernia. (doc. 7-3 at 27-28). Documents concerning the medical care he received for his hiatal hernia are also attached to his recently-filed *Motion to exclude expert witness*, received on June 20, 2013. (doc. 83 at 17-20). One of those documents is a letter from the DOJ dated June 30, 2012, advising Plaintiff that he should address his concerns about medical care through the administrative remedy program if he was dissatisfied with the response he received at his prison. (*Id*. at 39). The internal BOP procedure is separate from the FTCA claims procedure, however. *See Lopez–Heredia v. University of Texas Medical Branch Hosp.*, 240 Fed. App'x 646, 647 (5th Cir. July 6, 2007). None of these documents evidence that he, in fact, did file an administrative tort claim with regard to these claims.

Plaintiff has made no more than conclusory assertions that he has exhausted his administrative remedies with respect to his FTCA claims regarding medical care for his hernia and toenail. Even viewing the evidence in the light most favorable to him, he has failed to establish this jurisdictional element. The Court therefore does not have jurisdiction to consider these claims, and Defendant's motion for summary judgment on these claims should be granted.

**B.    Designation of Expert**

Defendant also contends that there is no genuine issue of fact with respect to Plaintiff's medical negligence claim because he has failed to designate a medical expert to establish the required standard of care with respect to the medical treatment he received for his eye.

In FTCA cases, state law controls liability for medical malpractice claims. *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008). Because the alleged medical malpractice took place in Texas, Texas law controls. Under Texas law, when a plaintiff asserts a medical malpractice claim, including a claim that a lack of treatment resulted in injury or death, he bears the burden of proving: (1) a duty to act according to an applicable standard of care; (2) a breach of that standard of care;

7

(3) injury; and (4) causation. *Id*. at 601, *citing Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003). "Unless the mode or form of treatment is a matter of common knowledge or is within the experience of the layman, expert testimony will be required" to meet a plaintiff's burden of proof. *Hannah*, 523 F.3d at 601, *quoting Hood v. Phillips*, 554 S.W.2d 160, 165-66 (Tex. 1977).

The medical standard of care for burning in the eye is neither a matter of common knowledge nor within the general experience of a layperson, so Plaintiff must produce expert testimony to establish the applicable standard of care and to demonstrate that the treatment he received breached that standard. *See Prindle v. United States*, 2011 WL 1869795, *1-2 (N.D. Tex. May 13, 2011) (holding that expert testimony is required to establish the standard of care with respect to a FTCA claim that medical personnel were negligent in failing to diagnose and treat renal cell carcinoma); *Woods v. United States Gov't*, 2010 WL 809601, *3 (N.D. Tex. Mar. 8, 2010) (holding that expert testimony is necessary to establish the standard of care with respect to a FTCA claim that the VA doctor committed medical malpractice by prescribing a cholesterol medication that interacted with the plaintiff's diabetes and liver disease). He was ordered to designate his expert by September 6, 2012. (*See* doc. 41 at 2). To date, he has failed to designate any expert.

By pointing out the need for, and lack of expert testimony in this case, Defendant has met its summary judgment burden. Because expert testimony is required, Plaintiff cannot meet his burden in its absence, and Defendant is entitled to summary judgment with respect to this claim. *See Hannah*, 523 F.3d at 602 (summary judgment is proper where a medical malpractice claims needs expert testimony and the plaintiff does not designate or hire an expert).

### IV. PLAINTIFF'S MOTION

In his motion for summary judgment, Plaintiff asserts that he is entitled to summary judgment because of alleged negligent medical care he received for his eye. He also asserts that a

genuine issue of fact exists as to whether he was provided adequate medical care. (doc. 69 at 1-3). Because this Court has determined that Defendant has met its summary judgment burden and is entitled to judgment as a matter of law, Plaintiff's motion for summary judgment should be denied.

## V. RECOMMENDATION

*United States of America's Motion for Summary Judgment* (doc. 65) should be **GRANTED**, and Plaintiff's motion for summary judgment (doc. 69), should be **DENIED**.

**SO RECOMMENDED on this 19th day of July, 2013.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE